Joseph Kistler (3458)
 *jkistler@hutchlegal.com*
Todd W. Prall (9154)
 *tprall@hutchlegal.com*
HUTCHISON & STEFEN, LLC
Peccole Professional Park
10080 Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086

Dirk O. Julander, Bar No. 132313
 *doj@jbblaw.com*
*(Pro Hac Vice Application Pending)*
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone:  (949) 477-2100
Facsimile:  (949) 477-6355

*Attorneys for Plaintiff, Brent Gephart.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRENT GEPHART, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOUG MERRYMAN, an individual, and nominal Defendant OPMNY, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. JUDICIAL ENFORCEMENT OF RIGHT TO INSPECT BOOKS AND RECORDS;**<br>**2. BREACH OF FIDUCIARY DUTY;**<br>**3. CONSTRUCTIVE FRAUD;**<br>**4. EMBEZZLEMENT/CONVERSION;**<br>**5. PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**<br>**6. ACCOUNTING; AND**<br>**7. INDEMNIFICATION**<br><br>**(Jury Demand)** |

Plaintiff BRENT GEPHART (hereinafter "Plaintiff" or "Mr. Gephart") hereby alleges for his Complaint against Defendant DOUG MERRYMAN ("Defendant" or "Mr. Merryman"), and nominal Defendant OPMNY, LLC (hereinafter "OPMNY" or "the Company") as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. Section 1332(a)(l) on the basis of diversity of citizenship, because the amount in controversy exceeds $75,000.00, the parties are citizens of different states, and there is an actual controversy between the parties.

2. Venue in the District of Nevada is proper under 28 U.S.C. Section 1391(b)(2) because the action seeks to enforce Plaintiff's statutory right to inspect books and records of a limited liability company duly organized and existing under the laws of the State of Nevada.

## PARTIES

3. Plaintiff is, and at all relevant times was, an individual residing in Roswell, Georgia.

4. Defendant DOUG MERRYMAN is, and at all relevant times was, an individual residing in Pleasanton, California.

5. Nominal Defendant OPMNY, LLC is, and an at all relevant time was, a limited liability company duly organized and existing under and by virtue of the laws of the State of Nevada.

## FACTUAL BACKGROUND

6. OPMNY was founded and organized as a Nevada LLC on January 27, 2006. Messrs. Gephart and Merryman are the Company's only equitable and legal owners, with Mr. Merryman holding a 51% interest and Mr. Gephart holding a 49% interest in the Company. From time to time, the Company has done business under the fictitious business names Merchants First and Prismpay.

7. OPMNY is in the business of providing merchant services, marketing services, and a payment gateway to business entities that accept credit cards as payment for their goods and services. As a service provider in the payments industry, OPMNY is subject to the rules and regulations of Visa, MasterCard, Discover, American Express and other such associations (collectively the "Card

Brands"), as well as a number of state and federal industry regulations relating to the payments industry.

8. OPMNY is a member-managed LLC governed by its Articles of Incorporation. Mr. Gephart has not been provided with any Operating Agreement for the Company and does not know whether an Operating Agreement exists. At all relevant times, Mr. Merryman acted as a managing member and CEO of the Company and maintains exclusive control over the Company's books and records. Mr. Merryman controls all financial aspects of the business, including: financial bookkeeping and accounting; financial reporting; billing of merchants and partners; commissioning to agents; payroll and taxes; and keeping the QuickBooks accounts for the business. He also controls hiring and firing and manages the day-to-day operations of the business. By contrast, as a managing member and President of OPMNY, Mr. Gephart's duties are to develop the software used by the Company; website maintenance; and sales and marketing.

9. After recovering from an extended illness, within the past two months Mr. Gephart discovered a number of very serious concerns arising from Mr. Merryman's operation and management of the Company which threaten the ongoing operations of the Company and impair the value of Mr. Gephart's ownership interest in the Company. Although the investigation into Mr. Merryman's wrongdoing is just beginning, to date the following conduct has been discovered:

    a. Substantial Company funds have not been properly accounted for and are missing. Mr. Gephart is informed and believes, and based thereon alleges, that:

        i. Mr. Merryman has been comingling the funds of the Company with various other companies owned, in whole or in part, by Mr. Merryman, including using funds from one company to pay the debts of another without providing reimbursement to the

"lending" company, and inappropriately assigning profits and losses between and among the various companies.

      ii.    Mr. Merryman has been using the Companies' bank accounts and resources for his own personal gain.

      iii.    Mr. Merryman has been using the Companies' bank accounts and resources to make loans to friends and others unrelated to the Companies' business without proper documentation or authority.

      iv.    Mr. Merryman has been using Company funds to bribe federal officials, including one purportedly working for the Department of Homeland Security.

b.    Mr. Merryman has been conducting the Company's business in violation of the Card Brand rules and regulations and has also violated federal payment industry laws and regulations leaving the Company exposed to civil and criminal penalties.

c.    Mr. Merryman has been embezzling and stealing funds from merchants, agents, and partners, who are now threatening to sue the Company.

d.    Mr. Merryman is directing the Company's employees to alter the accurate merchant records within the Company's system which account for the money owed to the merchants, agent and partners.

e.    Mr. Merryman has been directing the Companies' employees to restrict Mr. Gephart's access to the Companies' databases, its administrative accounts, and its email accounts.

10.    After several requests by Mr. Gephart to review the Company's books and records were ignored by Mr. Merryman, on August 17, 2018, Mr. Gephart served a formal demand to inspect the Company's books and records pursuant to Nevada Revised Statutes § 86.241, including all of the Company's

financial records.  To date, Mr. Merryman has not responded to the demand or otherwise made the Company's books and records available for inspection by Mr. Gephart.

11. Moreover, Mr. Merryman is taking action to lock Mr. Gephart out from the Company's information, reports and operations, making it impossible for him to function as a managing member and, in his employment capacity, as President of the Company.

12. Mr. Merryman's improper activities as described above were done without the knowledge or consent of Mr. Gephart, and, in fact, Mr. Merryman actively concealed such activities from Mr. Gephart.  Mr. Merryman continuously refused to provide Mr. Gephart with access to the Company's books and records which might have earlier disclosed the improper activities.

## FIRST CLAIM FOR RELIEF

### (Judicial Enforcement of Right to Inspect Books and Records Against Defendant Merryman and Nominal Defendant OPMNY)

13. Plaintiff refers and incorporates by reference the allegations of paragraph 1 through 12 as though set forth fully herein.

14. On August 17, 2018, Mr. Gephart served a formal written demand to inspect the Company's books and records pursuant to Nevada Revised Statutes § 86.241 *et seq*.

15. The purpose of the demand for inspection was to value Mr. Gephart's ownership interest in the Company, discharge his own personal tax obligations, and investigate the above-referenced wrongdoing in the management and operations of the Company.

16. To date, Mr. Merryman has failed to respond to the demand for inspection or otherwise made the Company's books and records available for inspection by Mr. Gephart.

17. Pursuant to Nevada Revised Statutes § 86.243, Mr. Gephart is entitled to a Court order compelling the Company to produce the Company's books and records properly requested to Mr. Gephart for examination.

18. Nevada Revised Statutes § 86.243(3)(c) authorizes an award of attorneys' fees and costs to the prevailing party in an action to enforce the right to obtain and examine records. Accordingly, Mr. Gephart is entitled to his attorneys' fees and costs associated with enforcing his inspection rights in an amount to be determined according to proof.

### SECOND CLAIM FOR RELIEF
### (Breach of Fiduciary Duty
### Against Defendant Merryman)

19. Plaintiff refers and incorporates by reference the allegations of paragraph 1 through 18 as though set forth fully herein.

20. As the majority owner and managing member of the Company, Mr. Merryman stood in a fiduciary relationship with Mr. Gephart and owed him a duties of care and loyalty including: the duty to refrain from engaging in grossly negligent or reckless conduct, intentional misconduct, or knowing violations of law; and the duty to refrain from misappropriating the property and profits of the LLC.

21. Within the past two years, Mr. Merryman breached his fiduciary duties to Mr. Gephart by:

    a. Skimming/embezzling money from the Company for his own personal gain;

    b. Exposing Mr. Gephart to liability to merchants, agents, banks, the Card Brands for violations of agreements and Card Brand rules;

    c. Exposing Mr. Gephart to liability to federal regulatory agencies for unlawful acts in violation of federal laws;

   d. Unilaterally increasing his own capital equity distributions from the Company and decreasing the capital equity distributions to Mr. Gephart;

   e. Embezzling and stealing funds from merchants, agents, and partners, who are now threatening to sue the Company, threatening the ability of the Company to continue as a viable entity and therefore threatening Mr. Gephart's investment in the Company;

   f. Directing the Company's employees to alter the accurate merchant records within the Company's system which account for the money owed to the merchants, agent and partners, again threatening the ability of the Company to continue as a viable entity and therefore threatening Mr. Gephart's investment in the Company; and

   g. Directing the Companies' employees to restrict Mr. Gephart's access to the Companies' databases, its administrative accounts, and its email accounts.

22. As a direct and proximate result of the above described breaches of his fiduciary duties, Mr. Gephart has suffered damages in an amount to be determined at trial, but not less than $1,000,000.

23. Plaintiff is informed and believes, and on that basis alleges, that in doing the acts described above, Mr. Merryman acted with malice and with specific intent to injure Plaintiff.  Plaintiff therefore seeks an award of exemplary and punitive damages in an amount to be determined at the time of trial.

### THIRD CLAIM FOR RELIEF
### (Constructive Fraud
### Against Defendant Merryman)

24. Plaintiff refers and incorporates by reference the allegations of paragraph 1 through 23 as though set forth fully herein.

25. As the majority owner and managing member of the Company, Mr. Merryman stood in a fiduciary relationship with Mr. Gephart and owed him a duty to act with utmost good faith and with due regard to Mr. Gephart's interests. These duties required Mr. Merryman to avoid self-dealing, to operate and manage the Company in a manner faithful to Mr. Gephart's reasonable expectations, to refrain from exposing Mr. Gephart to liability, and to affirmatively disclose to Mr. Gephart all material facts related to the operations, management, profits and liabilities of the Company.

26. In engaging in the wrongful conduct described above and fraudulently concealing the material facts described above from Mr. Gephart, Mr. Merryman breached his duties to Mr. Gephart.

27. Had Mr. Gephart been aware of the wrongful conduct of Mr. Merryman and the material facts concealed by Mr. Merryman, he would have taken action to protect his interests and avoid the resulting liability sooner and would have dissolved his business relationship with Mr. Merryman.

28. As a direct and proximate result of constructive fraud, Mr. Gephart has suffered damages in an amount to be determined at trial, but not less than $1,000,000.

29. Plaintiff is informed and believes, and on that basis alleges, that in doing the acts described above, Mr. Merryman acted with malice and with specific intent to injure Plaintiff. Plaintiff therefore seeks an award of exemplary and punitive damages in an amount to be determined at the time of trial.

### FOURTH CLAIM FOR RELIEF

**(Embezzlement Against Defendant Merryman)**

30. Plaintiff refers and incorporates by reference the allegations of paragraph 1 through 29 as though set forth fully herein.

31. Plaintiff is informed and believes and on that basis alleges that Mr. Merryman has embezzled and converted OPMNY's funds by, among other things:

    a. Comingling the funds of the Company with various other companies owned, in whole or in part, by Mr. Merryman, including using funds from one company to pay the debts of another without providing reimbursement to the "lending" company, and inappropriately assigning profits and losses between and among the various companies.

    b. Mr. Merryman has been using the Companies' bank accounts and resources for his own personal gain.

    c. Mr. Merryman has been using the Companies' bank accounts and resources to make loans to friends and others unrelated to the Companies' business without proper documentation or authority.

    d. Mr. Merryman has been using Company funds to bribe federal officials, including one purportedly working for the Department of Homeland Security.

32. Plaintiff has demanded from Mr. Merryman the return of all monies improperly converted and diverted, but Mr. Merryman has failed and refused, and continues to fail and refuse, to do so.

33. As a direct and proximate result of the above described defalcations, Mr. Gephart has been damaged in an amount to be determined at trial, but not less than $1,000,000.

34. Plaintiff is informed and believes, and on that basis alleges, that in doing the acts described above, Mr. Merryman acted with malice and with specific intent to injure Plaintiff. Plaintiff therefore seeks an award of exemplary and punitive damages in an amount to be determined at the time of trial.

# FIFTH CLAIM FOR RELIEF

## (Preliminary and Permanent Injunctive Relief

## Against Defendant Merryman)

35. Plaintiff refers and incorporates by reference the allegations of paragraph 1 through 34 as though set forth fully herein.

36. Plaintiff enjoys a likelihood of succeeding on the merits of his claims against Defendants.

37. The conduct and activities of Mr. Merryman as described herein, if allowed to continue, will result in immediate and irreparable harm to Plaintiff and to OPMNY.

38. The conduct and activities undertaken by Mr. Merryman has been ongoing and there is no adequate remedy at law to compensate Plaintiff or to preclude Mr. Merryman from his continuing course of illicit actions to the detriment of Plaintiff and OPMNY.

39. Plaintiff is entitled to temporary and preliminary injunctive relief enjoining and retraining Mr. Merryman, his agents, servants and employees, and all persons acting under, in concert with, or for him from, directly or indirectly:

    a. Blocking or restricting Plaintiff's access to the Company's databases, its administrative accounts, and its email accounts;

    b. Blocking or restricting Plaintiff's access to the Company's financial information, financial records, bank accounts, tax records, accounting records, investments, any other financial information;

    c. Modifying the parties' ownership percentages in the Company;

    d. Removing, withdrawing, transferring, encumbering, or depleting any of the Company's accounts, assets or rights other than in the ordinary course of the Company's day-to-day operations;

   e. Drawing down on any company credit facility including, without limitation, any credit cards, other than in the ordinary course of the Company's day-to-day operations;

   f. Hiring or terminating the Company's employees or altering their compensation;

   g. Hiring or terminating any independent contractors, or altering their compensation;

   h. Making loans with the Company's funds;

   i. Selling, modifying, adjusting or encumbering the Company's assets, including the Company's ownership interests in third party companies;

   j. Bribing government officials;

   k. Transferring funds in violation of card brand rules and money laundering laws and regulations;

   l. Misappropriating funds belonging to the Company's merchants, agents, and partners; and/or

   m. Terminating, soliciting or adversely affecting the Company's customers, vendors and suppliers.

 40. Plaintiff is further entitled to a judgement for permanent injunctive relief enjoining and retraining Mr. Merryman, his agents, servants and employees, and all persons acting under, in concert with, or for him from, directly or indirectly, engaging in those acts set forth in paragraph 39 above.

**SIXTH CLAIM FOR RELIEF**

**(Accounting Against Nominal Defendant OPMNY)**

 41. Plaintiff refers and incorporates by reference the allegations of paragraph 1 through 40 as though set forth fully herein.

42. As set forth above, Mr. Gephart is informed and believes that Mr. Merryman has misappropriated and misused Company funds, comingled the funds of the Company with various other companies, used Company funds for unlawful purposes, and managed and operated the company in violation of the Card Brand rules and regulations as well as state and federal payment card industry regulations.

43. Because Mr. Merryman maintains exclusive control of the books and records of the Company, an accounting of the books and records of the Company is necessary to determine the amount of misused and misappropriated funds.

44. On August 17, 2018, Mr. Gephart served a formal written demand to inspect the Company's books and records but Mr. Merryman failed and refused, and continues to fail and refuse, to provide the requested documents.

45. As a result, an accounting is necessary and appropriate regarding the Company's financial documents including: the income, expenses and overhead of the Company; the profits generated by the Company; and all Company funds paid to or improperly retained by Mr. Merryman and others.

## SEVENTH CLAIM FOR RELIEF
### (Indemnification Against Defendant Merryman)

46. Plaintiff refers and incorporates by reference the allegations of paragraph 1 through 45 as though set forth fully herein.

47. Plaintiff is informed and believes that Mr. Merryman's conduct subjected Mr. Gephart and the Company to liability to merchants, banks and the Card Brands, as well as liability for violations of federal and state laws. If damages and injuries were sustained by such third parties as the result of Defendant's actions, or if liability results to any regulatory agency, such damages and injuries were actively, primarily and directly caused by the conduct, actions, inaction, omissions, and other wrongdoings of Mr. Merryman, without Mr. Gephart's knowledge or participation.

48. Mr. Merryman owes a duty of care to Mr. Gephart to ensure that the operations of the Company are performed in a lawful manner, not injurious to merchants, banks, or the Card Brands, and in compliance with the laws of the United States and the laws of the State of Nevada.

49. Mr. Merryman breached his duties owing directly or indirectly to Mr. Gephart and any liability for such damages or injuries arise, if at all, not as the result of any conduct, actions, inaction, omissions, or other wrongdoing on Mr. Gephart's part but only by reason of Mr. Merryman's wrongdoing.

50. By virtue of such conduct, actions, inaction, omissions, or other wrongdoing of Mr. Merryman, and the resulting breaches of his duties owing directly or indirectly to Mr. Gephart, Mr. Merryman is liable, obligated and required to defend, indemnify and hold Mr. Gephart harmless as and against any and all amounts that Mr. Gephart may in the future be required to pay by way of costs, claims, judgment or compromise together with any and all attorneys' fees and costs incurred in addressing or defending against such claims. Mr. Gephart is thus entitled to equitable indemnification by Mr. Merryman.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all claims for which he has a right to trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment on its Complaint as follows:

1. For a Court order compelling the Company to produce to Plaintiff for examination the Company's books and records pursuant to Nevada Revised Statutes § 86.243;

2. For general, special, compensatory and/or consequential damages according to proof against Mr. Merryman for all losses and/or damages suffered as a result of the wrongful acts described herein;

1       3.    For a complete verified accounting from Mr. Merryman of all monies he received from the Company or paid out from the Company and an order directing the immediate disgorgement of all monies improperly diverted;

4       4.    For a complete verified accounting from OPMNY of the Company's financial documents including: the income, expenses and overhead of the Company; the profits generated by the Company; and all Company funds paid to or improperly retained by Mr. Merryman and others;

8       5.    For an order requiring Mr. Merryman to show cause, if he has any, why he should not be restrained and enjoined as set forth in this Complaint during the pendency of this action;

11       6.    For a temporary restraining order, a preliminary injection and a permanent injunction enjoining and retraining Mr. Merryman, his agents, servants and employees, and all persons acting under, in concert with, or for him from, directly or indirectly:

      a.    Blocking or restricting Plaintiff's access to the Company's databases, its administrative accounts, and its email accounts;

      b.    Blocking or restricting Plaintiff's access to the Company's financial information, financial records, bank accounts, tax records, accounting records, investments, any other financial information;

      c.    Modifying the parties' ownership percentages in the Company;

      d.    Removing, withdrawing, transferring, encumbering, or depleting any of the Company's accounts, assets or rights other than in the ordinary course of the Company's day-to-day operations;

      e.    Drawing down on any company credit facility including, without limitation, any credit cards, other than in the ordinary course of the Company's day-to-day operations;

      f.    Hiring or terminating the Company's employees or altering their compensation;

      g.      Hiring or terminating any independent contractors, or altering their compensation;

      h.      Making loans with the Company's funds;

      i.      Selling, modifying, adjusting or encumbering the Company's assets, including the Company's ownership interests in third party companies;

      j.      Bribing government officials;

      k.      Transferring funds in violation of card brand rules and money laundering laws and regulations;

      l.      Misappropriating funds belonging to the Company's merchants, agents, and partners; and/or

      m.      Terminating, soliciting or adversely affecting the Company's customers, vendors and suppliers.

7.      For the appointment of a receiver and/or keeper at Mr. Merryman's expense to maintain and/or protect all of the corporate assets, receivables, payables, and books and/or records pending the outcome of this litigation;

8.      For a determination that Mr. Merryman is liable, obligated and required to defend, indemnify and hold Plaintiff harmless as and against any and all amounts that Plaintiff may in the future be required to pay arising from Mr. Merryman's wrongful conduct by way of costs, claims, judgment or compromise, together with any and all attorneys' fees and costs incurred in addressing or defending against such claims;

9.      For exemplary and punitive damages according to proof at the time of trial;

10.      For reasonable attorneys' fees and costs of suit incurred herein;

11.      For pre-judgment and post-judgment interest on the amount recovered at the highest legal rate from the earliest legal date; and

12. For such other and further relief as the Court may deem just and proper.

DATED: September 1, 2018          HUTCHISON & STEFEN, LLC

By: ___/s/ Todd W. Prall___
Joseph Kistler (3458)
*jkistler@hutchlegal.com*
Todd W. Prall (9154)
*tprall@hutchlegal.com*
Peccole Professional Park
10080 Alta Drive, Suite 200
Las Vegas, Nevada 89145

JULANDER, BROWN & BOLLARD
Dirk O. Julander, Bar No. 132313
*doj@jbblaw.com*
*(Pro Hac Vice Application Pending)*
9110 Irvine Center Drive
Irvine, California 92618

*Attorneys for Plaintiff Brent Gephart*