# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRENT GEPHART, an individual,

    Plaintiff,

vs.

DOUG MERRYMAN, as an individual and as the managing member of OPMNY, LLC,

    Defendant.

Case No.: 2:18-cv-01670-GMN-CWH

**ORDER**

Pending before the Court is OPMNY, LLC's ("OPMNY's") Emergency Motion to Intervene, or, in the Alternative, Motion to Remand, (ECF No. 43). Plaintiff Brent Gephart filed a Response, (ECF No. 52), and OPMNY filed a reply, (ECF No. 56). For the reasons discussed below, the Court **GRANTS** OPMNY's Motion.

## I. BACKGROUND

Plaintiff and Doug Merryman ("Defendant") are the sole "equitable and legal owners" of OPMNY, LLC, a software development company. (Am. Compl. ¶ 5, ECF No. 11); (Compl.-in-Interven. ¶ 13, ECF No. 43-3). Plaintiff owns a 49% interest and Defendant owns the remaining 51% interest. (Am. Compl. ¶ 5). In 2018, upon allegedly discovering that Defendant was misusing OPMNY's assets and mismanaging the company, Plaintiff sued Defendant and OPMNY in this Court. (*See* Compl. ¶¶ 5, 10, ECF No. 1). After Defendant moved to dismiss based upon lack of diversity jurisdiction, (ECF No. 6), Plaintiff filed an Amended Complaint removing OPMNY as a defendant. (Am. Compl., ECF No. 11). The Amended Complaint alleges four claims against Defendant: (1) breach of fiduciary duty; (2) constructive fraud; (3) embezzlement/conversion; and (4) accounting. (*Id.* ¶¶ 14–40).

Alongside this lawsuit, there are five pending cases in other jurisdictions involving at least one party to this case and similar facts: two in Delaware courts, one in Texas federal court, one in California federal court, and one in Nevada state court. (Reply 4:15–28, ECF No. 56). Defendant in this case and OPMNY initiated the Nevada state court action against Plaintiff (the "Nevada Action"), asserting claims for breach of fiduciary duty, business disparagement, and defamation per se. (*See* Mot. Interven. 4:24–28 n.2, ECF No. 43) ;(*see* also Mot. Stay or Dismiss 6:25–7:8, ECF No. 43-6).[1]

On October 16, 2018, Plaintiff filed an Emergency Motion for Temporary Restraining Order in this case to enjoin Defendant from transferring technology owned by OPMNY, altering OPMNY's employment, destroying documents, and conducting OPMNY's business in violation of federal laws. (*See* Mot. TRO 15:24–19:14, 21:11–16, ECF No. 12). The Court granted Plaintiff's request for a temporary restraining order on October 19, 2018, (ECF Nos. 15, 16), and later amended that Order as a preliminary injunction, (ECF Nos. 31, 32).

Because this Court "first assumed jurisdiction" over this dispute, the Nevada state court decided that Defendant and OPMNY could not simultaneously seek injunctive relief in the Nevada Action. (Nev. State Ct. Decision 4:12–23, ECF No. 43-5). As a result, OPMNY filed the instant Emergency Motion to Intervene, or alternatively, Motion to Remand, (ECF No. 43). The Nevada state court then stayed the Nevada Action pending this Court's resolution of the Motion to Intervene. (Decl. Dylan T. Ciciliano ¶ 4, ECF No. 56-2).

OPMNY also filed a proposed Complaint-in-Intervention, alleging claims against Plaintiff and other individuals and entities. (Compl.-in-Interven. 1:24–27, ¶¶ 4–9, ECF No. 43-

---

[1] OPMNY asserted its claims in the Nevada Action after Plaintiff filed this suit, but before Plaintiff filed its Amended Complaint. (Decl. Dylan T. Ciciliano ¶ 4, ECF No. 56-2). Further, OPMNY and Defendant filed a motion for temporary restraining order in the Nevada Action before Plaintiff filed his motion for temporary restraining order in this case; but the Nevada state court did not hear OPMNY and Defendant's motion until after this Court granted Plaintiff's motion for temporary restraining order.

3).[2] OPMNY's claims revolve around attempts to harm OPMNY's business relationships, remove OPMNY's intellectual property, and spread false statements concerning OPMNY's business transactions. (*Id.* ¶¶ 46–64). OPMNY accordingly seeks to assert the following claims in its proposed complaint: (1) breach of fiduciary duty; (2) aiding and abetting breach of fiduciary duty; (3) conspiracy; (4) business disparagement; (5) intentional and/or negligent interference with contractual relations; (6) intentional and/or negligent interference with prospective economic advantage; and (7) breach of contract/unjust enrichment. (*Id.* ¶¶ 65–138).

## II. **LEGAL STANDARD**

"[I]ntervention is the requisite method for a nonparty to become a party to a lawsuit." *United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 933 (2009) (citation omitted). Under Federal Rule of Civil Procedure 24, there are two types of intervention: (1) intervention as a matter of right; and (2) permissive intervention. *See* Fed. R. Civ. P. 24(a)-(b). FRCP 24(a), which governs intervention as a matter of right, provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). FRCP 24(b), which applies to permissive intervention, states that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

---

[2] Before the state court stayed the Nevada Action, Defendant and OPMNY amended their state court complaint to include the parties named in the Complaint-in-Intervention. (Mot. Stay or Dismiss 4:19–24, ECF No. 43-6).

## III. DISCUSSION

OPMNY seeks to intervene in this case as a matter of right pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a)(2) or alternatively under permissive intervention under FRCP 24(b)(1). (Mot. Interven. 5:10–6:17, ECF No. 43). According to OPMNY, intervention is necessary for it to defend its own interests and assert claims against Plaintiff—claims allegedly related to, and some dependent on, this underlying action. (*Id.* 6:8–17, ECF No. 43).

In response, Plaintiff contends that the Court should deny intervention because Defendant adequately represents OPMNY's interests in this action. (Resp. 2:19–22, ECF No. 52). Plaintiff further argues that even if OPMNY were to intervene, OPMNY would be aligned as a defendant, which would not destroy the Court's diversity jurisdiction. (*Id.* 2:22–26).

The below discussion first analyzes the extent that Defendant can represent OPMNY's interests, followed by OPMNY's ability to intervene as a matter of right under FRCP 24(a)(2). The Court considers OPMNY's ability to intervene by aligning it as a defendant due to OPMNY and Defendant's shared interests in protecting OPMNY's business obligations against alleged interference by Plaintiff. *Scotts Co. LLC v. Seeds, Inc*., 688 F.3d 1154, 1157 (9th Cir. 2012) (aligning a party based on the "primary matter in dispute"); (Mot. Interven. 2:8–9, ECF No.43). Because the Court ultimately finds that Defendant has a limited ability to represent OPMNY, and that OPMNY can intervene as a matter of right, the Court then addresses the impact of OPMNY's presence on the Court's diversity jurisdiction.

### A. Intervention as a Matter of Right Under FRCP 24(a)(2)

The Court previously ruled that Plaintiff, as a minority shareholder of OPMNY, could proceed with his claims against Defendant, OPMNY's majority shareholder, by way of a direct rather than derivative action and without naming OPMNY as a party. (Order 5:17–22, ECF No. 17). The Court's characterization of this action as "direct" resulted from the Court's narrow focus on Plaintiff's claims in the context of this case. (Order 5:15–7:14, ECF No. 31). In line

with *Simon v. Mann*, 373 F. Supp. 2d 1196 (D. Nev. 2005), the Court focused on Plaintiff's status as a minority shareholder of OPMNY, the difficulties associated with a minority shareholder's recovery, the closely-held status of OPMNY, and the multiplicity of suits that could arise from shareholders against OPMNY. *Cf. Carstarphen v. Milsner*, 693 F. Supp. 2d 1247, 1252 (D. Nev. 2010) ("[H]ere, we examine only at the risk of multiple suits arising from [a majority shareholder's] alleged breaches of his fiduciary duties to the shareholders of [the closely held company].").

Plaintiff now claims that OPMNY need not intervene in this case because, just like Plaintiff, Defendant can bring OPMNY's potential claims and personally defend OPMNY's interests without OPMNY being a party. (Resp. 7:9–13, ECF No. 52). However, *Simon v. Mann* and later case law offer no support for the position that a majority shareholder can take those actions against a minority shareholder. *See Carstarphen*, 693 F. Supp. 2d at 1249 ("As we explained in a previous case, *Simon v. Mann*, some courts have adopted an exception allowing a minority shareholder in a closely held corporation to file a direct action for wrongs that would normally have to be brought derivatively."); *Simon*, 373 F. Supp. 2d at 1198. Consequently, Defendant does not have the ability to assert all of OPMNY's claims or protect OPMNY's interests in the same way that OPMNY can. The Court therefore must determine if OPMNY can intervene as a matter of right under all aspects of this case and in recognition of Defendant's limitations. *See, e.g.*, *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 399 (9th Cir. 2002) ("When the potential scope of an action is narrowed by amended pleadings or court orders . . . the court may consider the case as restructured rather than on the original pleadings in ruling on a motion to intervene.").

Intervention as a matter of right pursuant to FRCP 24(a)(2) requires the moving non-party to show: (1) timely intervention; (2) a "significantly protectable interest" relating to the property or transaction that is the subject of the action; (3) disposition of the action "may

impair or impede the [movant's] ability to protect that interest"; and (4) the movant's interest is "not adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2); *Akina v. Hawaii*, 835 F.3d 1003, 1011 (9th Cir. 2016). Here, timeliness is not at issue, but the final three factors are.

Beginning with the second factor, an interest is "significantly protectable" if: (a) the movant asserts an interest that is protectable under law; and (b) there is a relationship between the legally protected interest and the plaintiff's claims. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). The "interest" test is not a clear-cut or bright-line rule, because "[n]o specific legal or equitable interest need be established." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 398 (9th Cir. 2002) (citation omitted). Despite that flexible standard, a relationship between the movant's interest and a plaintiff's claims exists if resolution of the plaintiff's claims will actually affect the movant. *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998). That affect, for example, includes a likelihood of the movant being bound by the judgment in pending litigation. *City of Emeryville v. Robinson*, 621 F.3d 1251, 1261 (9th Cir. 2010).

OPMNY asserts that its significantly protectable interest comes from its related claims against Plaintiff. (Mot. Interven. 6:8–15, ECF No. 43); (Reply 5:14–25, ECF No. 56) (discussing OPMNY's asserted claims in intervention). Under Nevada law, OPMNY has a right to bring those claims. *See* Nev. Rev. Stat. § 86.483; Nev. Rev. Stat. § 86.381. Similarly, as argued by Plaintiff in the Nevada Action, the resolution of this case can affect OPMNY's claims due to the related factual basis. (Mot. Stay or Dismiss Action 7:12–8:20, ECF No. 43-6); (*see also* Nev. State Ct. Decision 3:9–11, ECF No. 43-5) (denying a preliminary injunction in the Nevada state court case involving the parties here due to the "risk of confusion and inconsistency with concurrent litigation"). Also dependent on this action are OPMNY's affirmative actions to defend alleged attempts by Plaintiff to disrupt OPMNY's business. (Reply 2:6–8, ECF No. 56).

The next inquiry, then, is whether disposition of this litigation will prejudice those interests. Plaintiff's own statements suggest this to be true. That is, Plaintiff argued to the Nevada state court that it should stay its litigation in light of this federal action because, due to the factual similarities of the cases, OPMNY is required to bring its claims in the federal action or be barred by *res judicata*. (Mot. Stay or Dismiss Action 8:14–17, ECF No. 43-6) ("Whichever way the Federal Action resolves—either in Gephart's or Merryman's favor—the result would be *res judicata* on the State Action," including OPMNY's potential claims of interference with business relationships). For example, a finding that Defendant committed the alleged acts of embezzlement or violation of federal laws with OPMNY's assets relates to OPMNY's own claims that Plaintiff made false accusations before and during this lawsuit to maliciously interfere with OPMNY's business relationships. (*Id.* 8:9–20); (*see* OPMNY's Compl.-in-Interven. ¶¶ 93–107, ECF No. 43-3). Further affected are OPMNY's interest in its assets, since Plaintiff sought injunctive relief in this action to enjoin OPMNY's ability to transfer and license OPMNY assets. (Am. Compl. ¶¶ 23–24, ECF No. 11); (*See* Prelim. Inj., ECF No. 32). Consequently, the potential prejudice from this litigation on OPMNY satisfies the third factor for intervention under FRCP 24(a)(2). *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 401 (9th Cir. 2002) (finding it sufficient if a ruling "may" impair rights "as a practical matter"; and there is no requirement that the outcome will "necessarily" impair that interest).

The final factor of inadequate representation by current parties also weighs in favor of OPMNY's intervention under FRCP 24(a)(2). Inadequate representation depends on: (a) "whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments"; (b) "whether the present party is capable and willing to make such arguments"; and (c) "whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *United States v. City of Los Angeles, Cal.*, 288

F.3d 391, 398 (9th Cir. 2002). As discussed above, OPMNY provided support for the potential prejudicial effect that this case may have on OPMNY's interests. However, Defendant's focus in this case would be on defending his actions, which may neglect facts concerning alleged attempts by Plaintiff to interfere with OPMNY's business. (*See* Mot. Interven. 6:12–15, ECF No. 43). Similarly, OPMNY would be different from Defendant as the party affirmatively asserting claims related to its business interests and assets in this litigation. (*See* Mot. Interven. 6:12–15, ECF No. 43). Thus, OPMNY satisfied its minimal burden to show how Defendant's representation "may" be inadequate. *City of Los Angeles, Cal.*, 288 F.3d at 398.

Altogether, after weighing the relevant factors under the facts of this case, the Court finds that OPMNY established its ability to intervene as a matter of right under FRCP 24(a)(2). *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir.1992) ("Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and we are guided primarily by practical considerations."). Because OPMNY can intervene under FRCP 24(a)(2), the next issue is the impact on the Court's subject-matter jurisdiction.[3]

### B. Subject-Matter Jurisdiction

OPMNY's intervention occurs through supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, as a limited liability company, OPMNY holds the same citizenship as its members, Plaintiff and Defendant. *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). OPMNY's intervention as a matter of right would accordingly destroy the Court's diversity jurisdiction under 28 U.S.C. § 1332, unless OPMNY enters as a "non-indispensable defendant-intervenor." 28 U.S.C. § 1367(a)–(b); *Mattel, Inc. v. Bryant*, 446 F.3d 1011, 1013 (9th Cir. 2006).

---

[3] Because the Court finds that OPMNY can intervene pursuant to FRCP 24(a), the Court need not reach the issue of permissive intervention under to FRCP 24(b).

Courts determine a party's status as indispensable "in equity and good conscience" under Federal Rule of Civil Procedure 19(b) by looking to: (1) adverse consequences to the movant or existing parties from proceeding without the movant; (2) the means available to minimize adverse consequences; (3) adequacy of a judgment in the movant's absence; and (4) the availability of another forum in which the claimant can sue existing parties. *See Aguilar v. L.A. Cnty.*, 751 F.2d 1089, 1094 (9th Cir. 1985).

Weighing the factors for indispensability, the Court finds that OPMNY qualifies as an indispensable party. Proceeding without OPMNY may not only inhibit OPMNY from fully asserting its own related claims, but it would also prevent OPMNY from protecting itself against alleged wrongful actions by Plaintiff. (*See* Compl.-in-Interven. ¶¶ 93–129, ECF No. 43-3). Specifically, because of Plaintiff's representations in the Nevada Action that OPMNY and Defendant's claims are "compulsory" in this federal action, the Nevada state court stayed its case pending resolution of this federal action. (Decl. Dylan T. Ciciliano ¶ 4, ECF No. 56-2) ("The State Court, in deference to this court, stayed the action pending a determination from this Court on the Motion to Intervene or, in the alternative, to Remand."). This Court's lack of jurisdiction, coupled with the stay of the Nevada Action, thus deprives OPMNY of any forum for obtaining the injunctive relief that it seeks. (Nev. State Ct. Decision 3:9–11, ECF No. 43-5; (Mot. TRO, ECF No. 45).

By contrast, OPMNY and Plaintiff can bring their claims in Nevada state court without the jurisdictional bar of diversity, which heavily favors the dismissal of this action. *Aguilar v. L.A. Cty.*, 751 F.2d at 1094; *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985). Similarly, this case is in its infancy, and there would be little duplication of effort if this case proceeded in state court. *See Takeda*, 765 F.2d at 821; (Joint Sched. Order 2:8–9, ECF No. 40) (stating that initial disclosures were due on December 21, 2018).

Accordingly, "in equity and good conscience" the Court finds that OPMNY is an indispensable party to this litigation. Fed. R. Civ. P. 19(b). As a non-diverse and indispensable defendant-intervenor, OPMNY's participation as a party deprives the Court of subject-matter jurisdiction under 28 U.S.C. § 1332, warranting dismissal of the action. *Mattel, Inc.*, 446 F.3d at 1013; *DotConnectAfrica Tr. v. Internet Corp. for Assigned Names & Numbers*, No. 16-cv-00862-RGK-JCX, 2016 WL 9185155, at *4 (C.D. Cal. Oct. 19, 2016).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that OPMNY's Emergency Motion to Intervene, or, in the Alternative, Motion to Remand is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss Plaintiff's Complaint, (ECF Nos. 6, 34), are **DENIED as moot.**

**IT IS FURTHER ORDERED** that OPMNY's Motion for Temporary Restraining Order and Preliminary Injunction, (ECF Nos. 45, 47), is **DENIED as moot.**

The Clerk of Court is instructed to close the case.

**DATED** this __15__ day of January, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court